UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PATRICK DEBONVILLE, )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>JAMES BAKER, Commissioner of )<br>Vermont Department of Corrections, et al, )<br>)<br>   Defendants. ) | Case No. 2:20-cv-163 |

**ORDER OF DISMISSAL**

A review of the docket in this case reveals the following:

1. On October 14, 2020, the court granted pro-se Plaintiff Patrick DeBonville's Application for Leave to Proceed *in Forma Pauperis* and his Complaint was filed. (Docs. 2, 4.)

2. On January 13, 2021, Defendants timely filed an Answer to the Complaint. (Doc. 23.)

3. On March 30, 2021, the case was referred to Magistrate Judge Kevin Doyle. (Doc. 24.)

4. On April 13, 2021, the copy of the referral sent to Plaintiff was returned to the court as undeliverable.

5. On July 28, 2021, the court issued an Order requiring Plaintiff to show cause, on or before August 17, 2021, why this case should not be dismissed for lack of prosecution. The court warned that failure to file a response would result in the dismissal of the case. (Doc. 26.)

6. No further filings have been received as of the date of this Order.

The Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Where a defendant has not moved under Rule 41(b), a court may nevertheless dismiss a case *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which the court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address[.]"). In addition, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation. *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]"). Here, Plaintiff has not responded to the court's order or advised the court of a new mailing address. By mailed notice and a docket entry, the court's Order to Show Cause provided Plaintiff with opportunities to express his intent. He failed to respond. In such circumstances, the court is entitled to treat Plaintiff's lack of a response as a failure to prosecute.

Because Plaintiff has not responded to the Order to Show Cause to explain why this case should not be dismissed or prosecuted his action in any way since filing the Complaint, and the case has been dormant for over seven months, this case is hereby DISMISSED for failure to prosecute.

Dated at Burlington, in the District of Vermont, this 24th day of August 2021.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge